UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIE BANKS, SR.,

                    Plaintiff,

    v.

STATE OF WASHINGTON, *et al.*,

                    Defendants.

No. C09-5449 RBL/KLS

**REPORT AND RECOMMENDATION
NOTED FOR: November 13, 2009**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. The court ordered Plaintiff Willie Banks, Sr. to file an amended complaint or show cause explaining why this matter should not be dismissed for failure to state a claim 42 U.S.C. § 1983. Dkt. 7. Mr. Washington filed an Amended Complaint (Dkt. 10), but that amendment suffers from the same deficiencies as his original complaint. Dkt. 5. The undersigned concludes that further amendment would be futile and recommends that this action be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

## I. BACKGROUND

On Augsut 17, 2009, Mr. Banks was granted leave to proceed *in forma pauperis* (Dkt. 4) and the Clerk filed his Complaint. Dkt. 5. In his original complaint, Mr. Banks purported to sue the State of Washington, a superior court judge and Western State Hospital because his state court trial, originally scheduled to begin on June 29, 2009, was continued while he was forced to

REPORT AND RECOMMENDATION - 1

undergo a mental evaluation at Western State Hospital. Dkt. 5, pp. 3-4. Mr. Banks requested that he be immediately released from restraint. Dkt. 5, p. 5.

On September 1, 2009, the court advised Mr. Banks that his pleading was deficient because (1) federal courts will not interfere in a pending state criminal proceeding; (2) he failed to allege a constitutional violation and that such violation was proximately caused by a person acting under color of state or federal law; and (3) judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction. Dkt. 7, pp. 3-5.

On September 28, 2009, Mr. Banks filed his First Amended Complaint, naming the State of Washington, Judge Steven Warning, Western State Hospital and John A. Hays. Dkt. 10. Mr. Banks now alleges as follows:

> July 22, 2009 – August 4, 2009 I, Willie Banks, Sr., spent 14 days at Western State. Judge Steven Warning ordered me to go to Western State Hospital against my will and religious beliefs. He couldn't wait one day for the report to arrive from Western State without redirecting me back to the hospital for 3 days. (August 27th through August 31, 2009).
>
> I believe he did it to harass me because the time limit on my case had expired. Its 188 days to day [sic] past 90 days Fast and Speedy trial. In court I stated I would not participate in any evaluation at Western State. Also Cowlitz County has violated my constitutional rights as well as my civil rights and religious beliefs. Judge Steven Warning keeps denying a realease [sic] hoping I will except [sic] a deal.

Dkt. 10, p. 3.

Mr. Banks seeks $500,000.00 for delaying his release, immediate release from jail, all attorney fees, and $5,000.00 per day for each day he is falsely imprisoned. Dkt. 10, p. 4.[1]

---

[1] Attached as Exhibit II to the Amended Complaint is a notation of a "Legal Mail Violation" for which Mr. Banks seeks $250,000.00. Dkt. 10, p. 6. Also attached are two inmate grievance forms in which Mr. Banks complains that his mail is being improperly opened. However, it is unclear how this notation or the attachments relate to Mr. Banks's allegations against the named defendants. In addition, there is no indication that Mr. Banks has exhausted any such claim by pursuing his grievances at the Cowlitz County Jail. See 42 U.S.C. § 1997e(a)(no action shall be

REPORT AND RECOMMENDATION - 2

## II. DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)). The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll*, 809 F.2d at 1448.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an

---

brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted).

REPORT AND RECOMMENDATION - 3

alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A plaintiff must also allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

On the basis of these standards, the undersigned concludes that Mr. Banks has failed to state a claim upon which relief can be granted.

**1.      Ongoing State Court Criminal Proceedings**

This action challenges the propriety of ongoing proceedings in Cowlitz County Superior Court. Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45  46 (1971);  see also *Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding;  (2) implication of an important state interest in the proceeding;  and (3) an adequate opportunity to raise federal questions in the proceedings).

REPORT AND RECOMMENDATION - 4

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. *Drury v. Cox*, 457 F.2d 764, 764 65 (9th Cir.1972). See *Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. *Younger*, 401 U.S. at 46, 53-54.

Mr. Banks was previously instructed that this court would not interfere in any ongoing criminal proceeding and he was given an opportunity to amend his pleading. Nevertheless, Mr. Banks has failed to plead any extraordinary circumstances warranting intervention by this Court in any ongoing state proceeding.

**2.     State of Washington and Western State Hospital**

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Thus, the "State of Washington" is not a "person" under §1983. "Western State Hospital," is also not a "person" under section 1983. Mr. Banks names Western State Hospital as a defendant, but fails to allege facts or name specific individuals to support any claim of constitutional harm. This is not sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff must set forth facts describing when and where and by whom he was deprived of a constitutional right. Plaintiff's Complaint must include factual allegations describing how each individual caused or

REPORT AND RECOMMENDATION - 5

personally participated in causing him the harm that he claims he suffered. In addition, Plaintiff must name the individuals who are responsible for causing him harm; it is not sufficient to merely name individuals in supervisory positions. He must name the individual defendants who violated his federal rights and he must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Mr. Banks was given an opportunity to amend his pleading to allege facts or name specific individuals to support any claim of constitutional harm. He has failed to do so.

**3.      Claims Against Judge**

Plaintiff also purports to sue Judge Steven Warning, a judge of the Superior Court of Cowlitz County, Washington. However, judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). Acts are judicial where the acts are normally performed by a judge, and where the parties deal with the judge in his or her judicial capacity. *Sparkman*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction, *Sparkman*, 435

U.S. at 356-57 (citation omitted); that is, when he or she acts in a private or nonjudicial capacity, see *Henzel v. Gerstein*, 608 F.2d 658 (5th Cir. 1979).

Mr. Banks was previously advised of the deficiencies of his claims against a judicial officer and was given an opportunity to amend his complaint to either omit his claims against Judge Warning or state a viable claim under § 1983. He has failed to do so.

### III. CONCLUSION

Mr. Banks was carefully instructed as to the elements of a Section 1983 action and was given ample opportunity to amend his complaint to correct its deficiencies. Construing his amended pleading in the light most favorable to him and resolving all doubts in his favor, it is clear that has failed to state a claim upon which relief can be granted and that further amendment would be futile.

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action should be **dismissed without prejudice, and the dismissal counted as a strike pursuant to 28 U.S.C. 1915 (g).** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 13, 2009,** as noted in the caption.

**DATED** this   26th   day of October, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7